## LA FACE v. INCORVIA.

Common Pleas Court, Erie County.

No. 27605.   Decided November 16, 1952.

Murray & Murray, Sandusky, for plaintiff.
Flynn, Py, & Kruse, Sandusky, for defendant.

### OPINION

By McCRYSTAL, J.

This matter arises as a result of plaintiff's motion to vacate an order of this Court, dated May 23, 1951, in which this Court ordered stayed all further proceedings during the period defendant is in the military service.

It was submitted on brief of both parties.

On May 23, 1951, the guardian ad litem of Lawrence Incorvia filed an affidavit stating that Lawrence Incorvia was in military service and upon application of the defendant, the Court ordered all proceedings stayed.

The Court, having given serious consideration to this motion and made rather extensive study of the Soldiers' and Sailors' Relief Act and of the cases arising thereunder, does not find sufficient ground for sustaining plaintiff's motion.

In the Soldiers and Sailors Relief Act, Title 50 U. S. C. A. Appendix, § 521 is the controlling section which governs this case. It reads in part—

"At any stage thereof any action or proceeding in any court in which a person in military service is involved * * * shall, on application to it by * * * some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service."

The Court is of the opinion that upon the filing of the affidavit, a stay of proceedings becomes mandatory, unless a sufficient showing can be made by the adverse party that the ability of the party in military service to prosecute or defend his action is not materially affected by reason of his military service.

In this case, after a review of all the pleadings and briefs, the Court does not find that a sufficient showing has been made at this time on the part of the plaintiff to warrant a vacating of the order of May 23, 1951.

The motion will be overruled with exception saved to the plaintiff.